UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FAIRLY W. EARLS,

Petitioner,

v. Case No. 26-cv-1459-bhl

BUREAU OF PRISONS, *et al.*,

Respondents.

---

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241**

---

Petitioner Fairly W. Earls, who is currently incarcerated by the Wisconsin Department of Corrections at Jackson Correctional Institution in Black River Falls, Wisconsin, has filed a petition for writ of habeas corpus under 28 U.S.C. §2241. (ECF No. 1.) Earls contends that the federal Bureau of Prisons (the "Bureau") is miscalculating his release date, requests that the time he served in state custody be credited against his federal sentence, and further requests that the federal detainer lodged against him be removed. (*Id.* at 2, 4–6.) While challenges to the calculation, duration, or execution of a prisoner's federal sentence are properly brought under Section 2241, *see Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief on grounds concerning the execution of a sentence but not the validity of the conviction falls under Section 2241), Earls's claims fail because he unsuccessfully filed a similar Section 2241 petition approximately four years ago in the Western District of Wisconsin. In that case, Earls challenged the Bureau's decision denying his request to release him from the federal detainer and determining that his federal sentence was to run consecutively to his state sentences. *See Earls v. Fed. Bureau of Prisons*, No. 21-cv-377-wmc, 2022 WL 1800968 (W.D. Wis. June 02, 2022), *aff'd*, No. 22-2023, 2022 WL 4355306 (7th Cir. Sept. 20, 2022). The Court dismissed his petition on the merits, and the Seventh Circuit affirmed the dismissal. *Id.* For the reasons that follow, the Court will dismiss Earls's latest petition as an abuse of the writ.

## DISCUSSION

In October of 2010, Earls was in the State of Wisconsin's custody facing charges of first-degree sexual assault of a child and multiple counts of bail jumping. *Earls*, 2022 WL 1800968, at *1 (citing *State v. Earls*, Fond du Lac Cnty. No. 2005CF419 & *State v. Earls*, Fond du Lac Cnty. No. 1997CF268). On November 16, 2010, Earls was charged in a federal criminal complaint in the Northern District of Indiana with multiple fraud and identity theft crimes. *Id.* (citing *United States v Earls*, No. 2:10cr222-001 (N.D. Ind. Oct. 5, 2011)). A magistrate judge granted a writ of habeas corpus ad prosequendum, allowing the federal government to take physical custody of Earls for his federal trial. *Id.* Following that trial, the jury found him guilty of making a false statement in a passport application, aggravated identity fraud, and identity theft. *Id.*; (ECF No. 1-1 at 6.) He was sentenced to sixty (60) months' imprisonment. *Earls*, 2022 WL 1800968 at * 1.

After his federal sentencing, Earls was returned to Wisconsin to face his still pending state court criminal charges. Two state court convictions in Fond du Lac County followed. On August 7, 2012, Earls was convicted of multiple counts of bail jumping, and, on November 16, 2021, he was convicted of multiple counts of first-degree sexual assault of a child. *See State v. Earls*, No. 2005CF000419, https//wcca.wicourts.gov (last visited Sept. 15, 2026) and *State v. Earls*, No. 1997CF000269 https//wcca.wicourts.gov (last visited Sept. 15, 2026).[1] Earls was sentenced to 30 years of imprisonment on the bail jumping counts and 60 years of imprisonment on the sexual assault counts, the sentences to run consecutively. (ECF No. 1-1 at 7–11). The Bureau lodged a detainer with the state officials. *Earls*, 2022 WL 4355306, at *1.

After serving five years in federal and state custody, Earls requested a letter from the Bureau declaring that he had completed his federal sentence. *United States v. Earls*, 755 F. App'x 581, 582 (7th Cir. 2019). In response, the Bureau sent correspondence to the district court asking whether it had intended Earls's federal sentence to run "concurrently" with the state sentences that were imposed years later. *Id.* In response, the district court explained that because it "did not order the sentence to be served concurrently with [an] anticipated state court sentence, the default provision of [18 U.S.C.] §3584 applies and the federal court sentence[] runs consecutively to the state court sentences." *Id*. Earls appealed and the Seventh Circuit dismissed that appeal for lack of jurisdiction because the district court's order was not an appealable decision; it was just a

[1] The Court has reviewed the electronic docket of Earls's state court charges available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov.

response to the Bureau. *Id.* The Seventh Circuit stated that Earls's proper course was to exhaust his administrative remedies, and if unsuccessful, petition the federal court for review under 28 U.S.C. §2241. *Id.*

In 2021, Earls sought post-conviction relief in the Western District of Wisconsin under 28 U.S.C. §2241, challenging the Bureau's decision denying his request to release him from the federal detainer and credit the time he served in state court against his federal sentence. *Earls*, 2022 WL 1800968, at *1. The Court concluded that the Bureau's decision not to deem Earls's federal sentence served was consistent with the law and dismissed his petition as lacking in merit. *Id.* at *2–3. Earls appealed that decision and, on September 20, 2022, the Seventh Circuit affirmed. *Earls*, 2022 WL 4355306, at *1. Regarding Earls's federal sentence, the Seventh Circuit stated "[a] sentence that does not provide otherwise runs consecutively to any other sentence imposed at a different time" and cited 18 U.S.C. §3584(a). *Id.* The Court further noted that since the federal and state sentences were imposed at different times, the Bureau was correct in concluding that the sentences were to run consecutively. *Id.*

Earl has now filed a second Section 2241 petition, this time in this District, but again contending that the Bureau is miscalculating his release date and requesting that the Bureau correct his sentence to "time served" and remove the detainer. (ECF No. 1; ECF No. 1-1 at 3, 5.) Under 28 U.S.C. §2244(a), a federal court is not required to entertain a habeas corpus petition if the legality of the detention has already been determined by a federal judge on a prior petition raising the same issues. 28 U.S.C. §2244(a) states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

*See Valona*, 138 F.3d at 694–95 (stating that Section 2244(a) bars successive petitions under Section 2241 directed to the same issue concerning execution of a sentence). In this petition, Earl again seeks the removal of the federal detainer and contests the Bureau's calculation of his release date. As previously noted, these issues were resolved in his prior petition filed in the Western District of Wisconsin and affirmed by the Seventh Circuit. The Court will therefore dismiss Earls's petition as an abuse of the writ.

Accordingly,

**IT IS HEREBY ORDERED** the Earls's petition for writ of habeas corpus under 28 U.S.C. §2241, is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 16, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge