UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FAIRLY W. EARLS,

Petitioner,

v. Case No. 26-cv-1459-bhl

BUREAU OF PRISONS, *et al.*,

Respondents.

---

**ORDER DENYING PETITIONER'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

---

On September 16, 2026, this Court dismissed Petitioner Fairly W. Earls's petition for writ of habeas corpus under 28 U.S.C. §2241 as an abuse of writ. (ECF No. 4.) In his petition, Earls contended that the federal Bureau of Prisons is miscalculating his release date, requested that the time he served in state custody be credited against his federal sentence, and further requested that the federal detainer lodged against him be removed. (ECF No. 1 at 2, 4–6.) In its Order, the Court noted that Earls had unsuccessfully filed a substantially similar Section 2241 petition four years earlier in the Western District of Wisconsin. (ECF No. 4 at 1.) In that case, Earls challenged the Bureau's decision denying his request to release him from a federal detainer and determining that his federal sentence was to run consecutively to his state sentences. *See Earls v. Fed. Bureau of Prisons*, No. 21-cv-377-wmc, 2022 WL 1800968 (W.D. Wis. June 02, 2022), *aff'd*, No. 22-2023, 2022 WL 4355306 (7th Cir. Sept. 20, 2022). The Western District of Wisconsin dismissed his petition on the merits and the Seventh Circuit affirmed the dismissal. *Id.* Earls has now moved for reconsideration of the Court's September 16, 2026 Order citing Federal Rule of Civil Procedure 59(e). (ECF No. 6.)

Rule 59(e) of the Federal Rules of Civil Procedure "enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433

F.3d 542, 546 (7th Cir. 2006) (citation omitted). A manifest error of law "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Earls has not demonstrated that he is entitled to relief as he has not shown that his petition does not seek to resolve issues that were resolved in a prior petition filed in the Western District of Wisconsin and affirmed by the Seventh Circuit. It is well settled that a party's disagreement with the Court's analysis is not a sufficient basis for granting a Rule 59(e) motion.

Accordingly, **IT IS HEREBY ORDERED** that Earls's Motion Pursuant to Federal Rule of Civil Procedure 59(e), ECF No. 6, is **DENIED**.

Dated at Milwaukee, Wisconsin on October 27, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge